IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA,<br>　　　Plaintiff,<br><br>v.<br><br>WRI-AEW LONE STAR RETAIL<br>PORTFOLIO, LLC,<br>　　　Defendant. | §<br>§<br>§<br>§　C.A. No. 4:21-cv-00031<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant WRI-AEW Lone Star Retail Portfolio, LLC ("WRI") files its Answer and Defenses to Plaintiff Erik Garcia's Complaint in numbered paragraphs corresponding to the numbered paragraphs of the Complaint. WRI denies each and every allegation not expressly admitted below.

**I.　ANSWER TO ALLEGATIONS IN THE COMPLAINT**

To the extent a response is required, WRI admits Plaintiff has filed the Complaint against WRI seeking the relief under the Americans With Disabilities Act ("ADA") and the ADA's Accessibility Guidelines ("ADAAG"). Except as expressly admitted, WRI denies the allegations in the introductory paragraph.

**JURISDICTION**

1.　WRI admits that this Court has original jurisdiction over the claims in this lawsuit. Except as expressly admitted, WRI denies the allegations in Paragraph 1.

**PARTIES**

2.　WRI lacks sufficient information to admit or deny the allegations in Paragraph 2.

1

3. Paragraph 3 consists of a legal conclusion to which no response is required. To the extent a response is required, WRI lacks sufficient information to admit or deny the allegation in Paragraph 3.

4. WRI lacks sufficient information to admit or deny the allegations in Paragraph 4.

5. WRI lacks sufficient information to admit or deny the allegations in Paragraph 5.

6. WRI lacks sufficient information to admit or deny the allegations in Paragraph 6.

7. WRI admits that it is a Delaware limited liability company. Except as expressly admitted, WRI denies the allegations in Paragraph 7.

8. WRI admits it was properly served with a copy of the Complaint. Except as expressly admitted, WRI denies the allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

9. WRI lacks sufficient information to admit or deny the allegations in Paragraph 9.

10. WRI admits that it is the owner of the property that is the subject of this lawsuit. Except as expressly admitted, WRI denies the allegations in Paragraph 10.

11. WRI lacks sufficient information to admit or deny the allegations in Paragraph 11.

12. WRI denies the allegations in Paragraph 12.

13. Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, WRI denies the allegations in Paragraph 13.

14. WRI lacks sufficient information to admit or deny the allegations in Paragraph 14.

15. WRI denies that there are "ongoing barriers to access" and denies that the property at issue has "numerous and continuing barriers to access." WRI lacks sufficient information to admit or deny the remaining allegations in Paragraph 15.

16. WRI denies the allegations in Paragraph 16.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17. WRI admits that Congress enacted the ADA. Except as expressly admitted, WRI denies the allegation in Paragraph 17.

18. Paragraph 18 consists of quotations from the United States Code to which no response is required. To the extent a response is required, WRI admits that Plaintiff has quoted various portions of the United States Code.

19. Paragraph 19 consists of quotations from the United States Code to which no response is required. To the extent a response is required, WRI admits that Plaintiff has quoted various portions of the United States Code.

20. Paragraph 20 consists of a legal conclusion to which no response is required. To the extent a response is required, WRI denies the allegation in Paragraph 20.

21. Paragraph 21 consists of references to the United States Code and Code of Federal Regulations to which no response is required. To the extent a response is required, WRI admits that Plaintiff has referred to various portions of the United States Code and Code of Federal Regulations and admits that the effective date of the ADA has passed. Except as expressly admitted, WRI denies the allegations in Paragraph 21.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, WRI admits the property is open to the public and contains some service establishments. Except as expressly admitted, WRI denies the allegations in Paragraph 22.

23. Paragraph 23 consists of references to the United States Code and Code of Federal Regulations to which no response is required. To the extent a response is required, WRI

admits that Plaintiff has referred to various portions of the United States Code and Code of Federal Regulations. Except as expressly admitted, WRI denies the allegations in Paragraph 23.

24. Paragraph 24 consists of references to the United States Code and Code of Federal Regulations to which no response is required. To the extent a response is required, WRI admits that Plaintiff has referred to various portions of the United States Code and Code of Federal Regulations and admits that the effective and compliance dates of the ADA have passed. Except as expressly admitted, WRI denies the allegations in Paragraph 24.

25. WRI denies the allegations in Paragraph 25.

26. WRI denies the allegations in Paragraph 26.

27. WRI denies the allegations in Paragraph 27.

28. WRI denies the allegations in Paragraph 28.

29. WRI denies the allegations in Paragraph 29.

30. WRI denies the allegations in Paragraph 30 and each subparagraph.

31. WRI denies the allegations in Paragraph 31.

32. WRI denies the allegations in Paragraph 32.

33. WRI denies the allegations in Paragraph 33.

34. WRI denies the allegations in Paragraph 34.

35. WRI denies the allegations in Paragraph 35.

36. WRI denies the allegations in Paragraph 36.

37. WRI denies the allegations in Paragraph 37.

38. WRI denies the allegations in Paragraph 38.

39. WRI denies the allegations in Paragraph 39.

40. WRI denies the allegations in Paragraph 40.

41. WRI denies the allegations in Paragraph 41.

42. WRI denies the allegations in Paragraph 42.

43. WRI denies the allegations in Paragraph 43.

44. WRI denies the allegations in Paragraph 44.

WRI denies Plaintiff is entitled to the relief he seeks in subparagraphs (a)-(e) appearing in the Complaint immediately following Paragraph 44.

## II. DEFENSES

WRI asserts the following affirmative and other defenses, each in addition to and without waiving the others, and in addition to and without waiving the foregoing Answer.

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing and/or capacity to assert some or all of the claims alleged in the Complaint.

3. Some or all of Plaintiff's claims are barred because WRI has at all times relied in good faith upon, and acted in conformity with, the implementing standards and guidelines of Title III of the ADA and pronouncements from federal agencies. Accordingly, granting some or all of the relief sought by Plaintiff would violate due process under the United States Constitution and public policy.

4. The conduct of WRI at all times complied with all applicable statutes, regulations, and laws; accordingly, the Complaint and each purported claim for relief therein is barred.

5. WRI has implemented reasonable modifications in its policies, practices, and procedures to the extent necessary to afford goods, services, facilities, privileges, advantages, or accommodations to disabled individuals. Some or all of Plaintiff's claims are barred because the

relief Plaintiff requests would, if granted, fundamentally alter the nature of the goods or services provided by WRI.

6. Some or all of Plaintiff's claims are barred because the relief Plaintiff requests would be an undue burden on WRI.

7. Some or all of Plaintiff's claims are barred because they are predicated on unconstitutionally vague and/or overbroad interpretations of regulations or laws; alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

8. Plaintiff's alleged damages, if any, were proximately caused by the conduct of persons or entities other than WRI, and Plaintiff's recovery, if any, must be reduced in proportion to the amount of fault attributable to such conduct.

9. WRI is informed and believes and thereon alleges that any damages allegedly sustained by Plaintiff were caused by the actions and/or omissions of someone other than WRI over whom WRI had no control.

10. The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

11. Plaintiff has failed to allege facts sufficient to entitle Plaintiff to recover attorneys' fees against WRI. WRI's actions, with respect to the subject matter of this lawsuit, were undertaken in good faith, with the absence of malicious intent, and constituted a privileged, lawful, proper, and justified means to further the sole purpose of WRI to engage in and continue its business.

12. If relief is granted, it should be granted prospectively only.

13. Some or all of the claims in the Complaint are moot because WRI is and/or has been in compliance with the laws, statutes, and regulations identified in Plaintiff's Complaint.

14. Some or all of Plaintiff's claims are barred because the relief Plaintiff requests: (a) is not required by law, (b) is unreasonable, (c) is structurally infeasible, (d) would impose an undue burden and cause a hardship, and/or (e) may jeopardize the health and safety of customers.

WRI reserves the right to add additional defenses as soon as they become known during the course of this litigation.

WHEREFORE, PREMISES CONSIDERED, WRI respectfully requests that the Court dismiss Plaintiff's claims and Complaint with prejudice; award WRI its costs of suit; and grant WRI such other and further relief as may be appropriate and to which WRI may be justly entitled.

Dated: February 10, 2021.

                                                Respectfully submitted,

                                                */s/ Holly H. Williamson*
                                                Holly H. Williamson (Attorney-in-Charge)
                                                S.D. Tex. No. 8591
                                                State Bar No. 21620100
                                                hwilliamson@huntonak.com
                                                600 Travis St., Suite 4200
                                                Houston, Texas 77002
                                                Telephone: (713) 220-4200
                                                Facsimile: (713) 220-4285

OF COUNSEL:

W. Michael Reed
S.D. Tex. No. 1804144
State Bar No. 24083717
mreed@huntonak.com
HUNTON ANDREWS KURTH LLP
600 Travis St., Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

                                                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I certify that on February 10, 2021, I served a true and correct copy of this document on counsel of record via the Court's electronic filing system as follows:

Douglas S. Schapiro
The Schapiro Law Group, PL
7301-A W. Palmetto Park Rd., No. 100A
Boca Raton, Florida 33433
schapiro@schapirolawgroup.com

                                                */s/ Holly H. Williamson*
                                                Holly H. Williamson